UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN SCOTT,

    Plaintiff,                                    Hon. Paul L. Maloney

v.                                                    Case No. 1:22-cv-932

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 32 years of age on his alleged disability onset date. (PageID.53). Plaintiff completed high school and worked previously as a sales clerk and cashier. (PageID.53). Plaintiff applied for benefits on October 20, 2020, alleging that he had been disabled since December 11, 2018, due to bipolar disorder, schizophrenia, post-traumatic stress disorder (PTSD), dyslexia, manic depression, sleep apnea, weight gain, restless leg syndrome, HIV, and obsessive-compulsive disorder (OCD). (PageID.42, 289).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Michael Condon, in an opinion dated September 1, 2021, determined that Plaintiff did not qualify for disability benefits. (PageID.42-103). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an

exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from bipolar II disorder, anxiety disorder, attention deficit hyperactivity disorder (ADHD), and depression, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.44-47).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform work at all exertional levels subject to the following non-exertional limitations: (1) he can understand, remember, and apply

information to perform simple tasks; (2) he is able to focus on and complete simple tasks and make simple decisions; (3) he can adapt to routine changes in the work setting; (4) he cannot perform fast-paced jobs, defined as jobs that involve conveyor belt or assembly line work or jobs that have a per-minute or per-hour production quota, however, a daily production quota is acceptable; (5) he can have no mare than occasional contact with co-workers and supervisors, and brief and superficial contact with the general public; and (6) he cannot perform tandem tasks.   (PageID.47-48).

The ALJ found that Plaintiff could not perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding.  *O'Neal*, 799 Fed. Appx. at 316.   In satisfying this burden, the ALJ may rely on a vocational expert's testimony.  *Ibid*.

In this case, a vocational expert testified that there existed approximately 44,000 jobs in the national economy which an individual with Plaintiff's RFC could perform.  (PageID.53-54).   This represents a significant number of jobs.  *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").   Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.     Medical Source Opinion

Physician's Assistant Jennifer Richardson expressed opinions regarding Plaintiff's ability to function. The ALJ, however, found these opinions "unpersuasive." Plaintiff argues that he is entitled to relief because the ALJ's assessment of Richardson's opinions is not supported by substantial evidence.

Because Plaintiff filed his application after March 27, 2017, the ALJ evaluated Richardson's opinions pursuant to 20 C.F.R. § 416.920c. This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 416.920c(a). Instead, the ALJ is required to articulate his determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* § 416.920c(b)(1).

These factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. *Id.* § 416.920c(1)-(5). The ALJ must explain his consideration of the supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. *Id.* § 416.920c(b)(2), (3). The regulations define "supportability" and "consistency" as follows:

> (1)   Supportability.  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical

>   finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)-(2).

On July 27, 2021, Richardson completed a form assessing Plaintiff's ability in 16 areas related to his ability to perform unskilled work. (PageID.942-44). Richardson reported that Plaintiff was "unable to meet competitive standards" in six areas and was "seriously limited" in another five areas. (PageID.942-43). In the remaining five categories, Richardson characterized Plaintiff's ability as either "limited but satisfactory" or "unlimited or very good." (PageID.942). Richardson further reported that Plaintiff experienced "marked" limitation in the following areas: (1) understand, remember or apply information; (2) interact with others; and (3) adapt or manage oneself. (PageID.943). Finally, Richardson reported that Plaintiff experiences "extreme" limitations in his ability to maintain concentration, persistence or pace.[1] (*Id.*).

---

[1] The form Richardson completed was provided by Plaintiff's counsel. (PageID.944). Regarding the terms "marked limitation" and "extreme limitation," the form does not expressly incorporate the definitions articulated by the Commissioner. Instead, the form defines a "marked limitation" as one which "seriously interfere[s] with the ability to function independently, appropriately, effectively, and on a sustained basis." (PageID.943). The form provides no definition for the term "marked limitation." (PageID.942-44).

The ALJ, after examining the record evidence, found PA Richardson's opinion "unpersuasive in that it is inconsistent with the medical evidence and the record as a whole, including [Plaintiff's] history of treatment and medications, the mental status examination findings, and [Plaintiff's] reported activities of daily living." (PageID.51). This assessment is supported by substantial evidence.

During the relevant time-period, Plaintiff participated in conservative treatment consisting of therapy and medication which was noted by Plaintiff to be effective. (PageID.83, 389, 395, 399, 401, 402, 406, 408, 786, 886, 909). The results of mental status examinations were likewise inconsistent with PA Richardson's opinions. (PageID.390, 395, 402-03, 409, 781-84, 887-91, 906-06, 922-26). Finally, Plaintiff reported that he cares for his pets, performs light housework, drives a moped, shops, communicates daily with friends on social media, paints, and sings. (PageID.70, 84-86, 309-15). The ALJ's assessment of PA Richardson's opinions is supported by substantial evidence and this Court cannot re-weigh the evidence and reach a different conclusion. This argument is, therefore, rejected.

## II.    Plaintiff's Subjective Allegations

At the administrative hearing, Plaintiff reported that he was unable to work because of his anxiety, auditory hallucinations, paranoia, and difficulties focusing. (PageID.94-95). The ALJ discounted Plaintiff's testimony as "not fully supported by the record." (PageID.50). Plaintiff argues that he is entitled to relief because the ALJ improperly discounted his subjective allegations.

While "pain alone, if the result of a medical impairment, may be severe enough to constitute disability," *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).

Instead, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard. First, it must be determined whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. *See* Titles II and XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 at *3-4 (S.S.A., Mar. 16, 2016). Next, the intensity and persistence of the claimant's symptoms are evaluated to determine the extent to which such limit her ability to perform work-related activities. *Id.* at *4-9.[2]

As is also well recognized, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801

---

[2] Social Security Ruling 16-3p rescinded Social Security Ruling 96-7p. *Id.* at *1. But the adoption of this new Social Security Ruling did not alter the analysis for evaluating a claimant's subjective statements. Instead, as the Social Security Administration stated, it was simply "eliminating the use of the term 'credibility' [so as to] clarify that that subjective symptom evaluation is not an examination of an individual's character." *Ibid.* As courts recognize, aside from this linguistic clarification, "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Young v. Berryhill*, 2018 WL 1914732 at *6 (W.D. Ky., Apr. 23, 2018).

(6th Cir., July 29, 2004). But, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Ibid.* It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. *See, e.g., Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) ("[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable").

While the Court does not dispute that Plaintiff experiences significant limitations resulting from his emotional impairments. As noted above, however, the evidence does not support Plaintiff's testimony or assertions that he is limited to the extent alleged or is completely unable to work. The Court is not permitted to re-weigh the evidence. The ALJ articulated a clear rationale in support of his decision to discount Plaintiff's subjective allegations and the ALJ's conclusions and rationale are supported by substantial evidence. Accordingly, this argument is rejected.

## III.    Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505

(6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").

Plaintiff argues that he is entitled to relief because the ALJ's RFC assessment is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ erred by failing to recognize that his emotional impairments impose even greater restrictions than the ALJ recognized. Plaintiff further argues that the ALJ failed to account for the limitations imposed by his obstructive sleep apnea and restless leg syndrome.

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute her own opinion for that of a medical professional, the ALJ is not required to tailor her RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

This is precisely what the ALJ in this matter did and the ALJ's RFC assessment is supported by substantial evidence. There is no doubt that Plaintiff experiences significant non-exertional limitations. The ALJ's RFC finding, however, sufficiently accounts for such by restricting Plaintiff to a very limited range of work. As for Plaintiff's sleep apnea and restless leg syndrome, the ALJ found that neither of these impairments imposed more than minimal limitations on Plaintiff's ability to function. (PageID.45). The medical record does not suggest otherwise. In sum, the ALJ's RFC assessment is supported by substantial evidence. Plaintiff's argument for relief is simply that the ALJ should have weighed and evaluated the evidence differently. This is not grounds for relief, however. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: November 21, 2023 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge