UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN SCOTT,

              Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY

              Defendant.

)
)
)
)
)
)
)
)
)
)
)

No. 1:22-cv-932

Hon. Paul L. Maloney

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff commenced this social security action under 42 U.S.C. § 405(g). (ECF No. 1). In his complaint, Plaintiff alleges the Defendant's conclusions and findings of fact are not supported by substantial evidence. (ECF No. 1-1). Magistrate Judge Philip Green issued a report and recommendation recommending that the Commissioner's decision be affirmed. (ECF No. 16). The report and recommendation is adopted by the Court.

## I. Legal Standard

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrates Act. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

## II. Discussion

Plaintiff filed two overarching objections to the R&R. (ECF No. 17). The first objection—that the ALJ failed to consider the medical statements of Jennifer Richardson, PA-C—was already raised and properly rejected in the R&R. *Compare* Plaintiff's initial brief (ECF No. 13 at PID 970–71) *with* Plaintiff's objections to the R&R. (ECF No. 17 at PID 1012-14). Generally, the Court would reject the objection because it is duplicative. *Brown*, 2017 WL 4712064, at *2. But Plaintiff also argues the Magistrate erred in the R&R.

Here, the Magistrate did not engage in "impermissible post hoc reasoning" to explain how the ALJ's decision was based on substantial evidence. Rather, the Magistrate recognized the ALJ's "factual findings as a whole must show only that he implicitly resolved the conflicts

in the evidence." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 438 n.11 (6th Cir. 2014). An ALJ "can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Loral Defense Sys.-Akron v. N.L.R.B.,* 200 F.3d 436, 453 (6th Cir. 1999). The Magistrate properly explained how the ALJ's decision was based on substantial evidence.

Second, Plaintiff argues that the ALJ cherry-picked select portions of the record in determining whether Plaintiff's subjective symptoms impacted Plaintiff's ability to perform substantial gainful activity. This argument was correctly addressed in the R&R. (*See* ECF No. 16 at PID 1005–06). The Court will not address the duplicative objection. *See Brown*, 2017 WL 4712064, at *2. Furthermore, the ALJ's credibility findings on these matters are "virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 Fed. App'x 508, 511 (6th Cir. Oct. 4, 2013).

### III. Conclusion

This Court conducted a review of this matter. Having read the file, including the report, recommendations and relevant authority, the Report and Recommendation is adopted over the objections.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 16) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the report and recommendation (ECF No. 17) is **DENIED**.

**IT IS SO ORDERED.**

Date:  March 25, 2024                         /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge